Cheryl L. Sommers, SBN: 249692
Law Office of Cheryl L. Sommers
2450 Peralta Blvd., Suite 100
Fremont, CA 94536
(510) 744-9800

Attorney for Creditor
Rosita Mendiola

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>RONNIE BONOAN and<br>MARIPAZ BONOAN<br><br>Debtors<br>_____/<br><br>ROSITA MENDIOLA,<br><br>Plaintiffs<br><br>Vs.<br><br>RONNIE BONOAN, MARIPAZ BONOAN,<br>et al.,<br><br>Defendants | Bankruptcy Case No. 12-47312<br><br>Chapter 13<br><br>Adversary Proceeding No.: |

**COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF DEBT**
**[11 USC §523(a)(2)(A), 11 USC §523(a)(2)(C), and 11 USC §523 (a)(6)]**

Plaintiff Rosita Mendiola respectfully represents as follows:

**(JURISDICTION AND VENUE)**

1. ROSITA MENDIOLA is the plaintiff in this Action.

2. Jurisdiction over this Action exists pursuant to 28 U.S.C. §§157(a),157(b)(1),

1

1334, and 11 U.S.C. §105(a), and venue is proper pursuant to 28 U.S.C. §1409.

3. This is an adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure Rule 7001, et seq.

4. This adversary proceeding is a core matter pursuant to 28 U.S.C. §§157(b)(2)(I) and (J).

5. The Bankruptcy Court has authority to determine dischargeability of debts pursuant to 11 U.S.C. §523 and Federal Rules of Bankruptcy Procedure, Rules 4007(a) and 4004.

6. RONNIE BONOAN and MARIPAZ BONOAN ("Defendants") filed a Chapter 13 case in the United States Bankruptcy Court, Northern District of California, Oakland Division, on August 31, 2012 and listed Plaintiff as a creditor however failed to list the amount of the debt owed to Plaintiff or the date in which the debt was incurred.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates each and every allegation of paragraphs 1 through 6 of this Adversary Proceeding Complaint as though fully set forth herein.

8. Defendants are debtors in Bankruptcy Case No. 12-47312, under Chapter 13 of Title 11. Defendants filed a Chapter 13 Petition on August 31, 2012. Said Petition listed Plaintiff as a creditor on Schedule F for unsecured creditors as a personal loan however failed to list the date the loan was incurred and listed the amount owed as "Unknown."

9. Plaintiff is a creditor of the Defendant herein.

10. This is an adversary proceeding in which Plaintiff is objecting to the dischargeability of the debt owed to her by Defendants.

11. Plaintiff and Defendant Maripaz Bonoan have known each other for quite some time and Plaintiff has loaned money to Mrs. Bonoan in the past.

2

Complaint Objecting to the Dischargeability of Debt

12. On or about July 22, 2012, Defendant Maripaz Bonoan ("MARIPAZ") borrowed the sum of $32,000.00 from Plaintiff. MARIPAZ claimed her and her husband needed the money to pay some debts. MARIPAZ further stated that she will pay it back to Plaintiff in monthly payments of $500.00 by depositing said monies directly into Plaintiff's Wells Fargo bank account. MARIPAZ reduced these promises to a signed writing on July 22, 2012, a true and correct copy of that handwritten statement is attached hereto as "Exhibit 1".

13. In reliance of MARIPAZ's promises, Plaintiff gave MARIPAZ the sum of $32,000.00. Unbeknownst to Plaintiff, MARIPAZ had no intention of repaying the loan and was already contemplating filing for bankruptcy and attempting to discharge the debt to Plaintiff.

14. On August 9, 2012, Defendants obtained the required Credit Counseling Certificates, a mere couple of weeks after borrowing the money from Plaintiff, indicating that they had already sought legal advice and had already been making preparations to file bankruptcy at the time MARIPAZ borrowed the money from Plaintiff.

15. Further evidence of Defendants scheme to defraud Plaintiff can be shown by the fact that they failed to list the debt and date it was incurred on the Schedule F of their petition. In addition, they do not list the $32,000.00 MARIPAZ received in cash from Plaintiff on any of their other schedules. The Defendants list their bank account balances as $584.00 on Schedule B. Lastly, the Defendants' Chapter 13 Plan lists unsecured claims to be paid Pro Tanto.

16. On or about August 1, 2012, MARIPAZ deposited $500.00 into Plaintiff's bank account, as promised, leading Plaintiff to believe that MARIPAZ was going to follow through with her promise to repay the personal loan. Defendants failed to list this payment on their Statement of Financial Affairs filed with their Chapter 13 Petition under the questions relating to "Payments to Creditors" item 3(c) which further proves Defendants' attempt to defraud Plaintiff, mislead the Court and the Trustee, and abuse the protections afforded under the United States

3

Complaint Objecting to the Dischargeability of Debt

Bankruptcy Code.

## FIRST CLAIM FOR RELIEF

**(11 U.S.C. §523(a)(2)(A) against Defendants for Fraud: Intentional Misrepresentation)**

17. Plaintiff realleges and incorporates by reference into this cause of action all of the allegations set forth in Paragraphs 1 through 16 as though fully set forth herein.

18. Through false pretenses, false misrepresentations, and/or actual fraud, Defendant MARIPAZ induced Plaintiff into believing that she would repay the money borrowed from Plaintiff in full by making monthly payments of $500.00 and even went so far as to put her assurances in writing to the Plaintiff in an effort to coerce her into making the loan to her. At the time MARIPAZ requested the personal loan and made her assurances she would repay the loan, MARIPAZ failed to inform Plaintiff that her and her husband were going to be filing for bankruptcy in the very near future.

19. At the time Defendant MARIPAZ made these representations to Plaintiff, MARIPAZ knew them to be false, making said representations with the intent to deceive, defraud, and induce Plaintiff to act in reliance on these representations in the manner herein-alleged, or with the expectation that Plaintiff would so act. Defendants' omission in providing the true facts to Plaintiff was made with the intent to induce Plaintiff to act in reliance thereon and in the manner herein-alleged. At the time that Defendant MARIPAZ made the foregoing representations, as incorporated by reference herein, MARIPAZ had no intention of performing those promises because she was using the money for Defendants' own gain and attempting to hide the money from the Trustee.

20. The representations made by MARIPAZ were made with the intent to induce Plaintiff to turn over $32,000.00 cash to MARIPAZ.

21. At the time the representations were made by Defendant MARIPAZ, Plaintiff was

4

Complaint Objecting to the Dischargeability of Debt

ignorant of the true intentions of Defendants and, in the exercise of reasonable diligence, Defendants' true intentions could not have been discovered as the Defendants had not yet filed their Chapter 13 Bankruptcy Petition. Therefore, Plaintiff justifiably relied on the representations made by Defendant MARIPAZ.

22. As a proximate result of the fraudulent conduct of Defendant MARIPAZ, Plaintiff was damaged in the amount of $32,000.00.

23. In making said premises herein-alleged, the Defendants acted with oppression, fraud, and malice, and said conduct is despicable, entitling Plaintiff to an award of punitive damages in an amount according to proof. Therefore, Defendants' indebtedness to Plaintiff constitutes a nondischargeable debt pursuant to 11 U.S.C. §523(a)(2)(A).

WHEREFORE, Plaintiff prays for Judgment as set forth below.

### SECOND CLAIM FOR RELIEF

### (11 U.S.C. §523(a)(2)(A) against Defendants for Fraud: Promisory)

24. Plaintiff realleges and incorporates by reference into this cause of action all of the allegations set forth in Paragraphs 1 through 37 as though fully set forth herein.

25. Defendant MARIPAZ made the following promises to Plaintiff:

(a) That if Plaintiff were to loan the Defendants the sum of $32,000.00, that MARIPAZ would repay the loan in the amount of $500.00 from her paycheck beginning September 2012 until the loan was paid in full.

26. Defendant MARIPAZ made the foregoing representations to Plaintiff with the intent that Plaintiff would rely on those representations and give the Defendants the sum of $32,000.00. Plaintiff justifiably relied on Defendant's representations to her detriment and gave MARIPAZ $32,000.00 with the belief that Defendants would perform as agreed and represented.

27. At the time Defendant MARIPAZ made these representations to Plaintiff, she

5

knew them to be false.

28. Defendant's misrepresentations were made with no reasonable grounds for believing them to be true and with the intent that Plaintiff would rely on them, obtain the $32,000.00 and give it over to Defendant MARIPAZ.

29. As a proximate result of the fraudulent conduct of Defendants, Plaintiff was damaged in the amount of approximately $32,000.00.

30. In making said premises herein-alleged, the Defendants acted with oppression, fraud, and malice, and said conduct is despicable, entitling Plaintiff to an award of punitive damages in an amount according to proof. Therefore, Defendants' indebtedness to Plaintiff constitutes a nondischargeable debt pursuant to 11 U.S.C. §523(a)(2)(A).

WHEREFORE, Plaintiff prays for Judgment as set forth below.

### THIRD CLAIM FOR RELIEF

**(11 U.S.C. §523(a)(6) against Defendants for Willful and Malicious Injury)**

31. Plaintiff realleges and incorporates by reference into this cause of action all of the allegations set forth in Paragraphs 1 through 30 as though fully set forth herein.

32. The Defendants' conduct resulted in willful and malicious injury to Plaintiff or to property of Plaintiff and, therefore, the indebtedness to Plaintiff constitutes a nondischargeable debt pursuant to 11 U.S.C. §523(a)(6)

### PRAYER

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth

1. For a nondischargeable judgment in favor of Plaintiff against debtors in the amount of at least $32,000.00, plus prejudgment interest and post-judgment interest as provided by law, reasonable attorney's fees, costs and expenses;

2. For an Order that the debtors' indebtedness to Plaintiff constitute a

Complaint Objecting to the Dischargeability of Debt

nondischargeable debt pursuant to 11 U.S.C. §523;

3. For reasonable attorneys' fees; and

4. For all further relief as deemed just and property by this Court.

Dated: November 5, 2012                     LAW OFFICE OF CHERYL L. SOMMERS

                                                  /s/ Cheryl L. Sommers
                                By: _____
                                          Cheryl L. Sommers, Esq.
                                          Attorney for Creditor Rosita Mendiola

7/22/12

I will deposit amt of $500 from my paycheck effective Sept. 2012 on Rosita Meadioles Wells Fargo acct. until full amt is paid in full.
$97,000

Jennifer G. Bower
MARIPAZ G. BORDEN

Exhibit 1